IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN
EASTERN DIVISION

RONNIE BULLOCK, Sr.,  ) Case No.: JUDGE KENNELLY
    Plaintiff,  ) 01C 1865
vs.  )
CITY OF CHICAGO, CHICAGO  )
POLICE DEPARTMENT, CHICAGO  ) MAGISTRATE JUDGE ASHMAN
POLICE CRIME LAB, RICK  )
ROBERTS,, JOHN WASILEWSKI,  )
FRANK NOWICKI, GINO  )
NAUGHTON,, MARIAN  ) RECEIVED
CAPORUSSO, et., al.,,  ) MAR 1 6 2001
INDIVDUALLY AND IN THEIR  ) MICHAEL W. DOBBINS
OFFICIAL CAPACITY(S),  ) CLERK, U.S. DISTRICT COURT
    Defendant

DOCKETED MAR 1 9 200_

COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 U.S.C.
SECTION 1983

NOW COMES, Plaintiff, Ronnie Bullock, Sr. and files with this court his Civil Rights Complaint in accordance with Title 42 U.S.C. Section 1983, et., al. Plaintiff further states:

    I.    NATURE OF COMPLAINT

This is a Civil Action for Declaratory, Compensatory, and Punitive damages involving violations of the plaintiff's Civil Rights against Malicious Prosecution, Denial of Due Process and Equal Protection of the Law,

1

-- RONNIE BULLOCK, SR.
10526 S. NORMAL AVE

Concealment of Exculpatory Evidence, Forensic Fraud, Unlawful Imprisonment, Denial Consortium, Unlawful Arrest and Unlawful Detention as guaranteed to Plaintiff by the 1st, 4th, 5th, 6th and 14th Amendments of the United States Constitution.

## II. JURISDICTION

This action is brought pursuant to 42 U.S.C. §§ 1981, 1982,1983,1985(2) and (3), 1986,1988, 28 U.S.C. §§ 1331, 1332, 1343, and the 4th, 5th, and 14th, Amendments of the United State Constitution and the aforementioned Statutory and Constitutional provisions. Plaintiff further invokes the Pendent Jurisdiction of this Court to consider any and all claims arising under State law. The amount in controversy exclusive of interest and cost exceeds the sum of $10,000.00.

## III. PARTIES

1). Plaintiff Ronnie Bullock, Sr. was at all times from May 5, 1983 until November 23, 1994 incarcerated by the defendants and or because of their actions, as set herein, plaintiff was and is a United States Citizen.

2). Defendant Rick Roberts was at all times relevant hereto a Crime Laboratory Technician for the City of Chicago, Illinois and all times relevant hereto was acting in such capacity as the agent, servant, and employee of the City of Chicago, Illinois. And at all time relevant herein was acting under Color of Law.

3). At all times relevant hereto, Defendant Marian Caporusso was a Crime Laboratory Technician for the

-- RONNIE BULLOCK, SR.
10526 ͡ ̖ͅ NORMAL AVE

City of Chicago, Illinois and at all times relevant hereto was acting in such capacity as the agent, servant and employee of the City of Chicago, Illinois. And all time relevant herein was acting under Color of Law.

4). At all times relevant hereto, Defendant Frank Wasilewski was an Assistant State's Attorney for the State of Illinois, County of Cook, Illinois and all times relevant hereto was acting in such capacity as the agent, servant and employee of the County of Cook, Illinois. And at all times relevant herein was acting under Color of Law.

5). At all times relevant hereto, defendant Gino Naughton was an Assistant State's Attorney for the State of Illinois, County of Cook, Illinois. And at all times relevant hereto was acting in such capacity as the agent, servant and employee of the County of Cook, Illinois. And at all time relevant hereto was acting under Color of law.

6). At all times relevant hereto, Defendant Frank Nowicki was an Assistant State's Attorney for the State of Illinois, County of Cook, Illinois. And at all times relevant hereto was acting was acting in such capacity as the agent, servant, and employee of the County of Cook, Illinois. And at all times relevant herein was acting under Color of Law.

7). The defendant City of Chicago, Illinois is a municipal entity, incorporated in the State of Illinois and at all times relevant herein employed the defendants Chicago police department, Chicago Crime

3

Laboratory, and defendants Rick Roberts and Marian Caporusso.

8). The defendant County of Cook, Illinois is a Municipal entity/ and subdivision of the State of Illinois and at all times relevant herein employed the defendants John Wasilewski, Frank Nowicki, Gino Naughton. All defendants are held liable in their individual and official capacities.

IV. CAUSE OF ACTION

1). On May 5, 1983 at 11:30 A.M. both Plaintiff Ronnie Bullock, Sr. and his son were on their way home after leaving court at 727 east 111th street in Chicago, Illinois 60628. At which time they were approached from the rear, by now known, police officer David Dioguardi who informed plaintiff that he had been to plaintiff's parents' home the night of May 4, 1983 and that officer Dioguardi' partner Patrick O'Hara was who plaintiff had spoken to over the phone the night of May 4, 1983.

2). When plaintiff explained to officer Dioguardi that plaintiff and his son were on their way home and that they were hungry, and that the plaintiff had not agreed to meet with either of the police officers until that evening, at or about 5 P.M. when plaintiff was told he could find them at their office at 727 E. 111th Street Chicago, Illinois.

4). Plaintiff nor his son were permitted to leave as officer Dioguardi told plaintiff that the had to go upstairs with him to make a statement regarding an alleged shooting on 103rd Street in Chicago, Illinois. Plaintiff insisted he knew nothing of any shooting or

4

for that matter any crime being committed. Plaintiff believing that they were under arrest was ordered by Officer Dioguardi to follow him upstairs to the police station at 727 E. 111th Street located in the same building.

8). Plaintiff was arrested without any arrest warrant, not allowed to make any phone calls, plaintiff was not allowed to see his parents, nor talk to them, (although they were at the police station), plaintiff was not fed for over nine hours during extensive interrogation, plaintiff was denied the right at that time to be promptly taken before a Judge or neutral Magistrate for a probable cause determination May 5, 1983. Plaintiff was not allowed to use the washroom facilities for over eight hours, nor allowed to use the telephone to telephone his lawyer or anyone else while held in custody, even when taken to other police stations. Plaintiff received various threats from officer Dioguardi and O'Hara. Plaintiff's personal possessions were taken and the contents therein.

9). In 1986, Plaintiff while incarcerated, filed a Civil Lawsuit, Cite: 86 C 3819 in the United States district Court, for the Northern District of Illinois, while plaintiff was immured in the Illinois prison system. In 1992-3 plaintiff entered into a Stipulation, see Plaintiff's attached Exhibit A, between the defendants of that lawsuit in settlement agreement. That settlement agreement was made in part, where plaintiff had been granted by the State Appellate Court to take a DNA(genetic) test to prove his innocence,

RONNIE BULLOCK, SR.

that plaintiff was in fact innocent of the crime(s) he was convicted of in May of 1984.

10). Where plaintiff was compelled to accept this Stipulation, and he done so without the knowledge that has most recently come to his attention/ knowledge.

11). It has come to plaintiff's knowledge that that the defendants the Chicago Police Crime Laboratory has falsified forensic evidence to obtain or assist in obtaining the convictions to substantiate the arrest and prosecution of persons arrested by the police.

12). In August 1983 the plaintiff requested to have a blood test to (then at that time) prove that he in fact was not the assailant of the offenses/crimes for which he was arrested and detained and subsequently convicted of.

Although, the plaintiff requested this test the Chicago Police Crime laboratory testified in court that that the results of plaintiff's blood test were inconclusive and that plaintiff could not be excluded from the test or being the assailant. This evidence/information was false as was the testimony given in trial by the defendants Gino Naughton, Frank Nowicki, John Wasilewski, Rick Roberts, and Marian Caporusso; and these defendants knowingly and wifully gave false testimony(evidence)under oath in order to gain the conviction of the plaintiff for a crime or crimes they knew or should have known plaintiff did not commit. The defendants Gino Naughton, Frank Nowicki, and John Wasilewski, Rick Roberts and Marian Caporusso knew or should have known that the blood test excluded the

6

plaintiff, however they conspired to conceal this evidence/information in order to gain a conviction of the plaintiff and to conceal his innocence while seeking to further their own careers at the expense of plaintiff's life and innocence.

The defendants maliciously prosecuted the plaintiff and then had the plaintiff enter into a Stipulation before this Court knowing that they had perpetrated such fraud to preclude the plaintiff from receiving a fair and impartial trial, proving his innocence, and from being duly compensated from the damages and injuries he has incurred from the unconscionable and malicious conduct they precipitated, Gino Naughton, John Wasilewski, Frank Nowicki, Rick Roberts, and Marian Caporusso.

The defendants each are precluded from and should be precluded from seeking protection from this Civil Action by claiming that the plaintiff entered into a Stipulation. It is not the case, where the Stipulation was obtained through fraud, concealment of evidence and lies that would prevent both the Court and plaintiff from knowing the truth in order to make a proper and sound determination. This Court has the authority to vacate, make null and void any such stipulation where the moving party can show that or it is shown that such stipulation was obtained through fraud concealment of evidence, lies or that the morals of society do not coincide with such conduct of its agents of government. Citations omitted.

V.  RELIEF SOUGHT

7

-- RONNIE BULLOCK, SR.

WHEREFORE, Plaintiff, Ronnie Bullock, demands the following relief, jointly and severally against all defendants; City of Chicago, Chicago Police Department, Chicago Police Crime Laboratory, John Wasilewski, Frank Nowicki, Gino Naughton, Rick Roberts, Marian Caporusso, and Cook County, Illinois. A Declaratory Judgment that the acts of the defendants were unconstitutional and unlawful.

  Compensatory damages in the amount of seventy-five Million dollars, $75,000,000.00.

  Punitive damages in the amount of seventy-five Million dollars, $75,000,000.00.

Such other relief as this Court may deem Appropriate, including costs and reasonable Attorney fees.

    A Jury Trial is Demanded.

RONNIE BULLOCK, Sr.
PRO SE
RONNIE BULLOCK, SR.
10526 S. NORMAL AVE.
CHICAGO, ILLINOIS
60628

RONNIE BULLOCK, SR.
10526 S. NORMAL AVE.